IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| KATHLEEN LOZADA, | ) | CV-09-58-BLG-RFC |
| --- | --- | --- |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| STANDARD INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

Currently pending before the Court is a Motion for Partial Summary Judgment [*doc. 24*] by Plaintiff and a Motion to Dismiss Counts 1 and 2 of Plaintiff's Amended Complaint [*doc. 38*] by Defendant.

## FACTS

Count One of the Amended Complaint seeks a declaration from the Court regarding Plaintiff's rights, status, and legal relations with respect to Standard pursuant to Group Policy No. 613496-E (the Policy). Count Two of the Amended Complaint for breach of contract claims Standard wrongfully refused to pay long-term disability benefits due under the Policy causing her detriment.

Defendant has advised the Court that recently, in a letter dated March 30, 2011, Plaintiff and her counsel were advised that effective March 23, 2011, Defendant had placed Plaintiff back on disability benefits under the Policy. Defendant also agreed to pay a lump-sum payment to Plaintiff to cover back benefits for the period of April 2, 2009 to March 23, 2011, plus interest at the rate of 10 percent. Plaintiff was also notified that pursuant to the terms of the Policy, her disability benefits under the Policy are subject to an offset for all social security disability insurance payments paid to or on behalf of Plaintiff. Defendant advised Plaintiff that it would not enforce the "any occupation" or "disability subject to limited pay periods" provision under the Policy as they relate to the situation with Plaintiff's right shoulder. Plaintiff was further advised that benefits would cease or be reduced if Plaintiff obtains gainful employment and would cease on her death or her reaching age 65, whichever occurs first.

Defendant agreed to make payment to Plaintiff without waiving any defenses in this lawsuit and without admitting it breached its contract with Plaintiff or failed to properly analyze and adjust Plaintiff's claim for disability benefits. Defendant also denied that any provisions of the Policy are vague or ambiguous or were interpreted inappropriately.

## ANALYSIS

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988); *citing Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 2334, 45 L.Ed.2d 272 (1975). To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision. *Allen v. Wright*, 468 U.S. 737, 750-751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471-473, 102 S.Ct. 752, 757-59, 70 L.Ed.2d 700 (1982). Article III denies federal courts the power "to decide questions that cannot affect the rights of litigants in the case before them," *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 404, 30 L.Ed.2d 413 (1971), and confines them to resolving "'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* (quoting *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937)).

The test of whether a justiciable controversy exists contains three elements:

> First, a justiciable controversy requires that parties have existing and genuine, as distinguished from theoretical, rights or interest. Second, the controversy must be one upon which the judgment of the court may effectively operate, as distinguished from a debate or argument invoking a purely political, administrative, philosophical or academic conclusion. Third, [it] must be a controversy the judicial determination of which will have the effect of a final judgment in law or decree in equity upon the rights, status or legal relationships of one or more of the real parties in interest, or lacking these qualities be of such overriding public moment as to constitute the legal equivalent of all of them.

*Northfield Ins. Co., v. Montana Ass'n of Counties,* 301 Mont. 472, 475-476, 10 P.3d 813, 815-816 (2000), *Brisendine v. State, Dept. of Commerce, Bd. of Dentistry*, 253 Mont. 361, 364, 833 P.2d 1019, 1020-21 (1992) (*quoting Lee v. State* (1981), 195 Mont. 1, 6, 635 P.2d 1282, 1284-85 (*quoting Matter of Secret Grand Jury Inquiry* (1976), 170 Mont. 354, 357, 553 P.2d 987, 990)).

Defendant has placed Plaintiff back on disability benefits under the Policy. The test of whether a justiciable controversy exists is not met because the three elements do not exist. There is no conflict in controversy for the Court to decide with regard to Counts 1 and 2 of the Amended Complaint.

Therefore, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment [*doc. 24*] and Motion for Hearing [*doc. 27*]  are **DENIED as**

**MOOT**. Defendant's Motion to Dismiss Counts One and Two of Plaintiff's Amended Complaint [*doc. 38*] is **GRANTED**.

DATED this 20th day of July, 2011.

                                              _/s/ Richard F. Cebull_____
                                              RICHARD F. CEBULL
                                              U.S. DISTRICT COURT